[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION de DEFENDANT'S MOTION FOR ALIMONY (174)
The parties' marriage was dissolved by judgment entered September 13, 2002, at which time the court ordered their agreement incorporated in the decree. Paragraphs 3.1 and 3.2 of the agreement read as follows:
 "3.1 The Wife, during her lifetime, shall pay to the Husband, until the first to occur of his death, remarriage or September 1, 2003, the sum of $1 per year in alimony.
 3.2 Said alimony shall be modifiable by the Husband in the event the Wife obtains employment earning in excess of $75,000 per annum. The Wife shall immediately notify the Husband when she engages in such employment. The Husband shall have the right to seek a modification of the alimony provision set forth in Article 3.1, but in no event shall the Wife's alimony obligation, to the Husband be in excess of $600.00 per month and said alimony, if any, shall be retroactive to the date the Wife commenced said employment. In the event of a modification upward of the Wife's alimony obligation said alimony shall terminate no later than one and one-half years after the commencement of the Wife's employment or Sept. 1, 2003, whichever occurs first. The duration of alimony shall be nonmodifiable."
The plaintiff has obtained employment at a salary of $11,508.98 monthly gross and, after adding back a deduction of $224.99 for United Way, net of $7,187.57 monthly. In addition, she rents a room in her home for $600 monthly. In order to work the plaintiff has a nanny costing $1,517 monthly and private school fees of $633 monthly. After adding the rent and subtracting the nanny and school costs, the plaintiff has net disposable income of $5,637.57 monthly.
The plaintiff has two jobs, one for five hours for five days weekly for which he receives $237.50 gross and $218.13 net. A second position nets him $150 weekly. He has been ordered to pay $107 weekly child support. CT Page 5896
The plaintiff's employment in excess of $75,000 per annum has triggered the current hearing.
The court finds that the retroactive aspect of the parties' agreement is in conflict with § 46b-86 (a) which provides that no order may be retroactive except from service of notice of the pending motion pursuant to § 52-50. The court finds the limitation of the statute prevails. The plaintiff served the pending motion on March 14, 2002. The service date is the limit of retroactivity.
The defendant's motion is granted. The plaintiff is ordered to pay $600 monthly periodic alimony to the, defendant, taxable to him, until the death of either party, his remarriage or his cohabitation as defined by statute and case law or until one and one-half years after the commencement of the plaintiff's employment which began on May 14, 2001. Therefore, the court's order is effective on March 14, 2002 and ends on October 14, 2002.
The alimony for the current month shall be payable on the 17th and future monthly payments shall also fall due on the 17th of each month. The order creates an arrears of $900. The plaintiff shall pay $450 on November 17, 2002 and $450 on December 17, 2002 to liquidate said arrears. The term of alimony shall be non-modifiable in any event.
So Ordered.
HARRIGAN, J.T.R.